CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 15 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MATTHEW THAYER,

    Plaintiff,

v.

NRADC, SGT. JONES, C/O POLLING,

    Defendant.

Case No. 7:09CV00289

**MEMORANDUM OPINION**

By: Glen E. Conrad
United States District Judge

Plaintiff Matthew Thayer, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Thayer alleges that officials at the Northwestern Regional Adult Detention Center ("the jail") violated his constitutional rights by failing to protect his personal property from being lost or destroyed. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous.

## Background

Thayer presents the following allegations from which his claims arise. On October 2, 2008, when he was incarcerated at the jail, he brought a number of personal property items that were taken from him and listed by jail employees on a "property sheet." In the middle of October, authorities placed Thayer on work release. In the part of the jail where work release inmates stayed, Thayer was allowed to possess the street clothes that had been among his personal property items. At Thayer's request, on October 17, 2008, his mother also dropped off five other outfits of clothes for Thayer (each including a pair of pants, a shirt, boxer shorts, and

socks), a wallet, and a belt; at some point, she also brought him a "Corhartt jacket," gloves, and a hat. The property officer identified all of these items of personal property collectively as a "bag of work clothes," but did not itemize each of the pieces of clothing that the bag contained.

Then, on December 16, 2008, officers informed Thayer that he was being removed from work release and ordered him to pack up his personal property for a move to the main part of the jail. He put all of his belongings in two trash bags. Officer Polling took them, saying she would go through them and give back the property that he was allowed to possess in his new cell. He arrived in the new area, wearing only a pair of sweat pants, a sweatshirt, a pair of boxers, socks, and shoes. These items were taken from him and later released to his mother on December 22, 2008, along with a book bag and card. However, his mother was not able to retrieve any of the other personal property items jail officials had taken from him in October and mid-December. In response to request forms that Thayer filed about the property loss, jail officials informed him that the missing property items were inventoried by Officer Polling, sent to the property area, and then picked up by Thayer's family on December 22.

Thayer brings this lawsuit against the jail and the two property officers who were on duty when he was removed from the work release section of the jail. He seeks reimbursement for the value of his property.

### **Discussion**

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Thus, Thayer cannot proceed with his claims against the jail

itself, as this entity is not a "person" for purposes of § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Plaintiff has also named two jail employees as defendants, and they would be proper defendants to a § 1983 claim. However, Thayer's allegations do not state any claim actionable under § 1983 against anyone.

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The United States Supreme Court has held that a complaint is "frivolous" under the language of § 1915A(b)(1) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (addressing the proper application of former version of summary dismissal statute, § 1915(d)).

Allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Inasmuch as plaintiff possessed tort remedies under Virginia state law, see Virginia Code § 8.01-195.3, it is clear that he cannot prevail in a constitutional claim under § 1983 against jail officials based on the alleged property loss in this case. Therefore, Thayer's § 1983 claim regarding the loss of his property must be dismissed as legally frivolous, pursuant to § 1915A(b)(1).

As stated, Thayer may file a claim under the Virginia Tort Claims Act. Such state law claims are not independently actionable under § 1983, as it is designed to vindicate federal rights. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). The court declines to exercise supplemental jurisdiction over any state law claims related to the allegations in this complaint,

3

pursuant to 28 U.S.C. § 1367(c). Accordingly, the court will dismiss Thayer's entire complaint without prejudice.

## Conclusion

For the stated reasons, plaintiff's § 1983 complaint will be dismissed without prejudice as legally frivolous, pursuant to § 1915A(b)(1), and any state law claims will be dismissed without prejudice, pursuant to § 1367(c). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendant.

ENTER: This 15th day of July, 2009.

/s/ *signature*
United States District Judge